IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JERMAINE R. DRAYTON,

   Plaintiff,

v.              CIVIL ACTION NO.: CV506-097

WARE COUNTY DETENTION CENTER;
Officer C. JAMES; Officer DIXION,
Officer S. SUGGS,

   Defendants.

## MAGISTRATE JUDGE'S ORDER
## AND
## REPORT AND RECOMMENDATION

Plaintiff, who is presently incarcerated at the Glynn County Detention Center in Brunswick, Georgia, was granted leave of the Court, by Order dated November 30, 2006, to proceed in forma pauperis in an action contesting the conditions of his confinement while he was housed at the Ware County Detention Center in Waycross, Georgia.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to

AO 72A
(Rev. 8/82)

prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Drayton v. Durence, CV604-15 (S.D. Ga. April 5, 2004) (dismissed for failure to follow a Court order); (2) Drayton v. Glynn County Police, CV204-18 (S.D. Ga. April 19, 2004) (dismissed for failure to state a claim upon which relief may be granted); and (3) Drayton v. Brunswick Police, CV204-27 (S.D. Ga. Aug. 30, 2004) (dismissed for failure to state a claim upon which relief may be granted).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger

2

AO 72A
(Rev. 8/82)

sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff asserts that officials at the Ware County Detention Center opened his legal mail outside of his presence. Plaintiff also asserts that he was not given a grievance form. Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed in this Court on November 17, 2006. Accordingly, the Court **VACATES** its November 30, 2006, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)